IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VLADIMIR MUEV, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No.: 2:25-cv-07172-JMG |
| | : | |
| DAVID O'NEILL, et al., | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 12th day of January, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. 3), **IT IS HEREBY ORDERED** that the Petition (ECF No. 1) is **GRANTED** as follows:

1. Mr. Muev is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Mr. Muev from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on January 13, 2026;

3. If the Government chooses to pursue re-detention of Mr. Muev pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

4. The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.[1]

---

[1] Mr. Muev has resided in the United States since he entered on January 19, 2021 when he presented himself to the U.S. Customs and Border Protection ("CBP") agency at the Otay Mesa, California port of entry and expressed his intent to seek asylum in the United States. *See* Pet. for Habeas Corpus ¶ 3. Based upon his facts and circumstances, on the same day, Mr. Muev and his family were permitted to lawfully enter the United States on a temporary basis and given


BY THE COURT:

                              */s/ John M. Gallagher*
                              JOHN M. GALLAGHER
                              United States District Court Judge

---

humanitarian parole under 8 U.S.C. § 1182(d)(5) while he pursued his application for asylum. *Id.* at ¶ 4. Mr. Muev submitted a timely asylum application on April 25, 2022, and attended his immigration court hearings. *Id.* at ¶ 5. He obtained employment authorization and a social security card and was otherwise a law abiding and productive member of society. *Id.* On December 4, 2025, Mr. Muev appeared in Immigration Court for his final hearing to determine the merits of his asylum application. *Id.* at ¶ 6. However, the Office of the Principal Legal Advisor ("OPLA") requested a continuance to do further "security checks." *Id.* Ultimately, the Immigration Judge granted the government's continuance, and the final hearing was postponed. *Id.* However, on December 15, 2025 Petitioner was arrested and detained by ICE on his way to work. *Id.* at ¶ 7. The arrest warrant that was issued was signed on December 5, 2025, the day after his scheduled merit's hearing. *Id.*

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) this Court lacks jurisdiction to review DHS's discretionary decision to terminate parole grants; (3) Mr. Muev is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); (4) neither a grant of discretionary parole nor its later revocation changes Petitioner's legal status as an inadmissible arriving alien; and (5) Mr. Muev's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. CV 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025). Accordingly, Mr. Muev's mandatory detention without the opportunity for a bail hearing is unlawful.